# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO A.R.B., A MINOR.

No. 71571

JOSHUA B.,
Appellant,
vs.
STATE OF NEVADA DEPARTMENT
OF FAMILY SERVICES; AND A.R.B.,
Respondents.

**FILED**

DEC 27 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order terminating appellant's parental rights as to his minor child. Eighth Judicial District Court, Clark County; Cynthia N. Giuliani, Judge.

Appellant is a registered sex offender as a result of his 2008 convictions for statutory sexual seduction and pandering of a child. He had sex with a 14-year-old girl repeatedly, pandered her on numerous occasions, assisted and encouraged her drug use, and impregnated her. The subject minor child was born in March 2013. Eight months later, appellant was sentenced to 12-30 months in prison for attempted burglary. The child was removed from her mother's care in June 2014 and placed into respondent Department of Family Services (DFS)'s protective custody. Although appellant was released from prison on parole, and parole-based restrictions prohibiting him from caring for the child were lifted in February 2015, the child has never been returned to his care. In the underlying parental rights termination trial, appellant attempted to blame his pandering crime on the victim because she had raised the idea of prostitution. The district court found five grounds of parental fault and that termination was in the minor child's best interest, and thus, entered an order terminating appellant's parental rights.

To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the child's best interest. NRS 128.105(1); *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). Evidence of parental fault may include neglect, parental unfitness, failure of parental adjustment, risk of serious injury to the child if the child is returned to the parent, and demonstration of only token efforts. NRS 128.105(1)(b). On appeal, this court reviews questions of law de novo and the district court's factual findings for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev., Adv. Op. 91, 337 P.3d 758, 761 (2014).

Because the district court relied on an erroneous factual finding–that appellant had not completed his case plan–to support the majority of its parental fault findings and failed to make statutorily-mandated findings, we are unable to adequately review this decision on appeal. *Cf. Davis v. Ewalefo*, 131 Nev., Adv. Op. 45, 352 P.3d 1139, 1143 (2015) (explaining that deficiencies in a district court's order prevent this court from evaluating whether the decision was made for appropriate legal reasons). Appellant's conduct in relation to the pandering victim is concerning, *see* NRS 128.106(1)(b) ("In determining neglect by or unfitness of a parent, the court shall consider, without limitation, the following conditions which may diminish suitability as a parent . . . [c]onduct toward a child of a physically, emotionally or sexually cruel or abusive nature"), yet the district court focused on appellant's failure to complete sex offender therapy as required by his case plan to support the majority of its parental

fault findings.[1] The record, however, does not support the court's findings in that regard because appellant's case plan did not require that he complete sex offender therapy. His case plan required that he follow the conditions of his parole, and his parole required only that he attend therapy, not that he complete therapy.

Further, in considering whether appellant posed a serious risk to the child's physical, mental, or emotional well-being if she was returned to his care, the district court was required to consider the child's placement options; age; and developmental, cognitive, and psychological needs but did not do so. NRS 128.105(2) (requiring the court to consider these factors when the child has been out of the parent's care for at least 12 consecutive months). Consideration of these factors in addition to appellant's sex offender status and conduct toward the pandering victim would have assisted the district court in determining if appellant posed a serious risk to the minor child.

Additionally, when a child has been placed with a foster family that intends to adopt the child, "the court shall consider whether the child has become integrated into the foster family to the extent that the child's familial identity is with that family." NRS 128.108. Thus, the court must: (1) consider the emotional ties between the child and the parent and between the child and the foster family; (2) compare the parent and the

---

[1]It is unclear why DFS did not assert parental fault on the basis of appellant's registered sex offender status given that the district court concluded in the protective custody action that DFS was not required to make reasonable efforts to reunify the family because of appellant's status. *See* NRS 128.105(1)(b) (providing that parental fault may be established where the parent's conduct was the basis for a finding made pursuant to NRS 432B.393(3)); NRS 432B.393(3)(h) (providing that DFS is not required to make reasonable efforts to reunify the family if the parent is a registered sex offender).

foster family's ability to give the child love, affection, guidance, education, food, clothing, and medical care and to meet the child's physical, mental, and emotional needs; (3) consider the length of time the child has lived in the foster home; (4) consider "[t]he permanence as a family unit of the foster family"; (5) compare the foster family's and the parent's moral fitness and physical and mental health; and (6) consider the child's experiences in the home, school, and community both when with the parent and when with the foster family. NRS 128.108. The district court, however, made no findings in regard to the factors identified in NRS 128.108.

Because the district court failed to make statutorily-mandated findings and relied on an erroneous factual finding in support of the majority of its parental fault findings, we are unable to adequately review this matter on appeal. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Douglas

_____, J.
Gibbons

PICKERING, J., dissenting:

I respectfully dissent because substantial evidence supports the district court's findings related to neglect, unfitness, token efforts, and the child's best interest. *See In re Parental Rights as to M.F.*, 132 Nev., Adv. Op. 19, 371 P.3d 995, 1000-01 (2016) (explaining that although appellate court "closely scrutinizes" whether the district court properly terminated

parental rights, the court "will not substitute its judgment for that of the district court" and will defer to a decision that is supported by substantial evidence). Appellant is a registered sex offender. He had sex with a 14-year-old girl repeatedly, pandered her on numerous occasions, assisted and encouraged her drug use, and impregnated her. Then in the underlying parental rights termination trial, he attempted to blame her for his pandering because she had raised the idea of prostitution. This conduct clearly diminishes appellant's suitability as a parent and demonstrates unfitness. *See* NRS 128.106(1)(b) ("In determining neglect by or unfitness of a parent, the court shall consider, without limitation, the following conditions which may diminish suitability as a parent: . . . Conduct toward a child of a physically, emotionally or sexually cruel or abusive nature.").

Additionally, the subject minor child has resided out of appellant's care for more than 14 of 20 consecutive months, so it must be presumed that appellant has only made token efforts to care for the child. NRS 128.109(1)(a). Appellant left the child to languish in foster care while he was on parole. He never sought to lift the restriction preventing him from seeing her, and instead, attempted to manipulate the system by doing the bare minimum to comply with his parole conditions, rather than actively engaging in sex offender therapy so he could be reunited with the child. Substantial evidence supports the district court's parental fault findings that appellant neglected the child, is an unfit parent, and only made token efforts to care for the child.

Furthermore, and most importantly, substantial evidence supports the district court's finding that termination of appellant's parental rights is in the child's best interest. *See* NRS 128.105(1) ("The primary consideration in any proceeding to terminate parental rights must be whether the best interests of the child will be served by the termination.").

Appellant was unable to overcome the presumption that it is in the child's best interest because she has been out of his care for 14 of 20 consecutive months. NRS 128.109(2). Specifically, the now four-year-old child has been placed with the same foster family since she was 15 months old. This family is the only family she has ever known and they wish to adopt her. Thus, termination of appellant's parental rights is clearly in the child's best interest.

_____, J.
Pickering

cc:  Hon. Cynthia N. Giuliani, District Judge
     Special Public Defender
     Clark County District Attorney/Juvenile Division
     Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP/Las Vegas
     Legal Aid Center of Southern Nevada, Inc.
     Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A